UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Tyler Harris,

        Plaintiff

v.

FRSCO Corp.,

        Defendant

Case No.: 2:24-cv-01135-JAD-MDC

**Order Granting in Part Motion to Dismiss, Granting Leave to Amend by October 11, 2024, Staying Discovery, and Denying Remaining Motions as Moot**

[ECF Nos. 8, 9, 17, 22, 23, 24, 26, 27, 28, 29]

    Pro se plaintiff Tyler Harris brings this employment-discrimination lawsuit against his employer, FRSCO Corp., which owns several local McDonald's restaurants, alleging in a four-sentence complaint that he "was discriminated against based on race, sex, religion, age, and sexual orientation."[1] FRSCO moves to dismiss, arguing that Harris failed to exhaust his administrative remedies before filing suit, he hasn't yet served FRSCO, and Harris's complaint lacks the factual details that the Federal Rules of Civil Procedure require before a case can proceed.

    I find that Harris's complaint is devoid of any facts from which this court could infer that discrimination has occurred, so I grant the motion to dismiss on that basis and give Harris one more opportunity to attempt to plead facts sufficient to state a plausible claim for relief. Because it is not yet clear whether Harris will be able to state a viable claim, I stay all discovery until further order of this court. And I deny all remaining motions and instruct Harris not to file additional requests for relief until the court determines that he's pled a viable claim.

---

[1] ECF No. 1 at 4.

**Discussion**

**A.    The complaint is dismissed because Harris has not pled facts to support any plausible claim.**

Federal pleading standards require a plaintiff's complaint to include enough factual detail to "state a claim to relief that is plausible on its face."[2] This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation";[3] plaintiffs must make direct or inferential factual allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[4] A complaint that fails to meet this standard must be dismissed.[5] When the plaintiff is representing himself and the court dismisses his complaint as insufficient, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment.[6]

Harris's four-sentence complaint doesn't allege a single fact, just conclusions. Aside from identifying information about himself and the defendant, the only information he's written on his complaint form is the law under which he brings this suit ("Civil Rights Act VII"), a demand amount of $300,000 for "harassment, punitive damages, emotional distress, [and] lost wages," and this statement of his claim:

> I was discriminated against based on race, sex, religion, age, and sexual orientation. I have a better work history than most of my co-workers that are getting more hours than me. Based on my minority status at this particular company.[7]

---

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

[5] *Id*. at 570.

[6] *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

[7] ECF No. 1 at 2–4.

These allegations fall far short of stating any plausible claim for relief.

A Title VII discrimination claim requires a showing of an unlawful employment practice like discriminating against an individual in his terms, conditions, privileges, compensation, or employment opportunities based on his religion, gender, age, or disability. To state a discrimination claim under Title VII, a plaintiff must plead facts showing that (1) he is a member of a protected class, (2) he was performing according to his employer's legitimate expectations, (3) he suffered an adverse employment action, and (4) other employees with qualifications similar to his own were treated more favorably.[8] It is not enough to simply recite these elements; a plaintiff must describe in factual detail the events, statements, and evidence that show he was unlawfully discriminated against. A plaintiff must also allege in his complaint facts showing that he exhausted the Equal Employment Opportunity Commission's (EEOC's) administrative process in order to state an employment-discrimination claim.[9] Because Harris has not pled facts to support any of these elements, his complaint is dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. And because I dismiss on this basis, I need not and do not reach the defendant's other bases for dismissal, which the defendant is free to raise again in response to any amended complaint.

**B.     Harris has until October 11, 2024, to file an amended complaint for employment discrimination against FRSCO.**

While FRSCO Corp. vehemently argues that the dismissal should be with prejudice and without leave to amend, the Ninth Circuit's liberal approach to amendment of pro se complaints

---

[8] *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 648 (9th Cir. 2003), *as amended* (Jan. 2, 2004).
[9] *Cf Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 552 (2019).

cautions otherwise.[10]  So I grant Harris leave to file an amended complaint so that he can attempt to plead whatever employment-discrimination claims he exhausted with the EEOC.[11]  But the scope of this permission is narrow.  **This order does not permit Harris to add defamation claims or bring in new defendants as he suggests in his motion to amend.[12]  It merely gives him one more chance to try to plead enough true facts to state a plausible claim for employment discrimination.**  Harris is reminded that his goal should be to include all of the true facts necessary to tell his discrimination story and satisfy the elements of employment discrimination.  He must also plead facts showing which claims and theories he exhausted with the EEOC and when.  Harris has until October 11, 2024, to file an amended complaint.

**C.     The court imposes a discovery stay until it can be determined that Harris can plead a viable claim.**

Because it is not yet clear from this record whether Harris will be able to state a plausible claim, I stay discovery at this time.  If Harris files an amended complaint and the defendant files a motion to dismiss, the stay will remain in place until the court issues a ruling on that motion to dismiss.  If instead, Harris files an amended complaint and the defendant simply answers that amended complaint, the stay will be automatically lifted upon the defendant's filing of the answer.  If Harris fails to file an amended complaint by October 11, 2024, this case will be dismissed with prejudice.

---

[10] *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) ("Leave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts' and should be granted more liberally to pro se plaintiffs.") (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc)).

[11] ECF No. 18.

[12] ECF No. 22.

### D. The court will not relieve Harris of his obligation to effectuate service on the defendant.

Harris has filed a "Motion to Quash Service" in which he asks this court to relieve him of the obligation to effectuate service on the defendant because "Defendant is getting everything filed with the clerk's office electronically," so "it is pointless and costly to service them outside of filing papers with the clerk."[13]

Service of process on each defendant is a critical step in any litigation. A court can exercise power over a defendant and make binding decisions about that defendant's rights and obligations only once it obtains jurisdiction over that defendant. "The procedural requirement of service of summons" is how jurisdiction gets conferred on the court.[14] "In the absence of proper service of process, the district court has no power to render any judgment against" a defendant.[15] The fact that a named defendant is aware of a lawsuit is not enough. As the United States Supreme Court explained in *Omni Capital International, Ltd v. Rudolf Wolff & Company, Ltd*, "before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant . . . ."[16]

So it's not enough that FRSCO Corp. is on notice of this case and getting electronic service of filed documents. Service of process is an important step in this litigation, and Harris has not shown that he should be relieved of that obligation. So his motion is denied.

---

[13] ECF No. 23 at 4.

[14] *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) ("service of process is the means by which a court asserts its jurisdiction over the person").

[15] *Ross*, 504 F.3d at 1138–39.

[16] *Id*. While a defendant can waive objection to the adequacy of service by failing to raise such an objection in a motion to dismiss or in its answer, *see* Fed. R. Civ. Pro. 12(h)(1), FRSCO timely asserted its objection. *See* ECF No. 8 at 8.

**Conclusion**

IT IS THEREFORE ORDERED that Defendant FRSCO Corp's motion to dismiss **[ECF No. 8] is GRANTED in part: the complaint is DISMISSED** without prejudice under FRCP 12(b)(6) for failure to state a claim; all other dismissal arguments are denied as moot and without prejudice to the defendant's ability to reassert them in response to any amended complaint.

IT IS FURTHER ORDERED that **Plaintiff Tyler Harris is GRANTED leave to file an amended complaint asserting any employment-discrimination claim that he has properly exhausted.  That amended complaint must be filed by October 11, 2024.  No new claims or defendants may be added.**

IT IS FURTHER ORDERED that Harris's motion to quash **[ECF No. 23] is DENIED.**

IT IS FURTHER ORDERED that **ALL DISCOVERY IS STAYED until further order of this court.  No party may serve subpoenas or other discovery requests unless and until this stay is lifted.**

IT IS FURTHER ORDERED that

FRSCO's motion for a protective order **[ECF No. 9]**,

Harris's motion for default judgment **[ECF No. 17]**,

Harris's motion to amend **[ECF No. 22]**,

FRSCO's motion to stay discovery **[ECF No. 24]**,

FRSCO's motion for leave to supplement its dismissal motion **[ECF No. 26]**,

And Harris's motion to supplement his motion to amend, motion for contempt, motion for default judgment, and motion for summary judgment **[ECF Nos. 27, 28, 29]**

**ARE DENIED as moot.**

Finally, **Harris is cautioned that unless and until this court finds that he has pled a plausible claim for relief, this court will not grant any motions for contempt, judgment, discovery, or other sanctions against the defendant, so motions requesting such relief will be summarily denied as premature**.

_____
U.S. District Judge Jennifer A. Dorsey
September 17, 2024