**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Tyler Harris,

                Plaintiff,

vs.

Frsco Corporations,

                Defendant.

Case No. 2:24-cv-01135-JAD-MDC

**ORDER DENYING PLAINTIFF'S MOTION FOR EXEMPTION FROM PACER USER FEES (ECF NO. 43) AND APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF NO. 46)**

      Pro se plaintiff Tyler Harris filed (1) a *Motion for Exemption from Pacer User Fees* ("Pacer Motion") and an (2) *Application to Proceed In Forma Pauperis* ("IFP Application"). ECF Nos. 43 and 46.[1]  The Court denies both Motions. The District Judge recently denied plaintiff's previous IFP Application because plaintiff already paid the filing fee in this case. See ECF No. 42.  The Court denies plaintiffs new IFP Application as duplicative. ECF No. 46. The Court cautions plaintiff against filing duplicative motions in this case as such conduct only slows the pace of this litigation and might result in sanctions.

      Plaintiff also moves for the Court to waive his PACER fees because he says he does not have the money to pay them. ECF No. 43. The PACER system acts as a portal to information stored on the Court's Case Management/Electronic Case Files ("CM/ECF") system. Through CM/ECF, all parties and attorneys of record receive one free copy of all documents filed electronically. Considering this

---

[1]  Defense counsel did not file any oppositions. The Court reviews the motions on the merits, but cautions defense counsel that failure to file oppositions in the future in this case will constitute consent to the granting of the motions. See Local Rule 7-2(d), which states that the failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion.

procedure, plaintiff has not justified the waiver of PACER fees. See *Nelson v. Sorrento Tower Apts*., No. 3:21-cv-01554-RBM-JLB, 2023 U.S. Dist. LEXIS 71879, 2023 WL 3061843, at *1 (S.D. Cal. Apr. 24, 2023) (citing *Katumbusi v. Gary*, No. 2:14 cv-01534-JAM-AC, 2014 U.S. Dist. LEXIS 154401, 2014 WL 5698816, at *4 (E.D. Cal. Oct. 30, 2014) ("[e]xemptions from PACER user fees are uncommon[.]" The Court finds that a waiver of PACER fees is not warranted here.

ACCORDINGLY,

IT IS SO ORDERED that:

1. Plaintiff Tyler Harris's *Motion for Exemption from Pacer User Fees* (ECF No. 43) is DENIED.

2. Plaintiff's *Application to Proceed In Forma Pauperis* (ECF No. 46) is DENIED.

IT IS SO ORDERED.

DATE: January 24, 2025.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d

1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.