UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Tyler Harris,

    Plaintiff

v.

FRSCO Corp.,

    Defendant

Case No.: 2:24-cv-01135-JAD-MDC

**Order Granting Motion to Dismiss Plaintiff's Amended Complaint and Closing Case**

[ECF No. 35]

Fed up with his female colleagues getting scheduled for more work hours than he was, McDonald's employee Tyler Harris filed this employment-discrimination suit against the owner of his franchise location, FRSCO Corp.[1] On the employer's motion, I dismissed Harris's original complaint because it did not allege a single fact, and I gave him leave to amend so he could identify facts to support his Title VII claim and show that he'd exhausted his administrative remedies before initiating this suit.[2] Harris filed an amended complaint, supplementing his allegations with more robust facts and adding an Equal Pay Act violation theory of liability.[3] The employer again moves to dismiss, this time for insufficient process, insufficient service of process, failure to exhaust administrative remedies, and failure to state a claim.[4] I find that Harris's Title VII claim is barred because he has twice failed to show administrative exhaustion and he hasn't alleged sufficient facts to support an Equal Pay Act claim. So I grant the motion to dismiss on those bases and close this case.

---

[1] ECF No. 32 at 1–2.
[2] ECF No. 31.
[3] ECF No. 32.
[4] ECF No. 35.

**Background**

Back in September, I granted FRSCO's motion to dismiss Harris's thin original complaint after finding it "devoid of any facts from which this court could infer that discrimination has occurred."[5] I gave Harris "one more opportunity to attempt to plead facts sufficient to state a plausible claim for relief," and I outlined the elements of a Title VII claim and what he needs to allege in his complaint to show that he exhausted his required administrative remedies before filing this suit.[6]

In his amended complaint, Harris beefed up the facts on which he bases his Title VII claim and added an Equal Pay Act violation theory.[7] He catalogs a litany of grievances from his year of employment at a McDonald's restaurant location owned and operated by FRSCO Corp. He alleges that, though female employees were paid at the same rate, they received "a higher net pay" in the week of June 14, 2024, because they were scheduled to work significantly more hours than he was.[8] Harris adds that he was assigned more dangerous tasks like working grills and fryers, while his female counterparts were not expected to do the same.[9] He also takes issue with women being "more likely to be moved up to management" and receiving "better and more hours" despite not being able to perform certain tasks like "lifting the required amount required

---

[5] ECF No. 31 at 1.
[6] *Id.* at 3.
[7] ECF No. 32.
[8] *Id.* at 1.
[9] *Id.*

[sic] by the company."[10]  Harris asserts that he was entitled to a pay raise,[11] but he also states that "females made the same amount of money" as their male colleagues.[12]

Harris alleges bias beyond gender-based discrimination.  He protests that his Hispanic coworkers, including an "illegal alien who speaks Spanish," were treated leniently by managers while he was "harassed" and treated "like he was incompetent."[13]  He alleges that his hours were cut "at the whims of the employer," but also because he refused to stop wearing a cross necklace to work.[14]  And he declares that FRSCO should have "stopped all chatter about [him] being a pedophile."[15]  The through line of Harris's allegations is his belief that he was treated poorly because he is a straight, white, Christian man born in the United States.

FRSCO now moves to dismiss the amended complaint under Federal Rules of Civil Procedure (FRCP) 12(b)(4), 12(b)(5), and 12(b)(6).[16]  It argues that Harris failed to meet his process and service-of-process obligations, hasn't exhausted available administrative remedies as required to bring a Title VII claim, exceeded the scope of this court's amendment instructions by adding a new Equal Pay Act claim, and failed to allege sufficient facts to support either of his

---

[10] *Id.* at 2.
[11] *Id.* at 3.
[12] *Id.* at 2.
[13] *Id.* at 4.
[14] *Id.*
[15] *Id.* at 3.
[16] ECF No. 35.  It also lists FRCP 26(c) and (d) as grounds for dismissal in the introduction to its motion but never mentions the rules again.

3

claims.[17]  As a fallback, it styles the motion as one for summary judgment in the alternative.[18]  Harris opposes dismissal.[19]

**Discussion**

**A.  FRSCO's perfunctory arguments supporting dismissal under FRCP 12(b)(4) and 12(b)(5) don't establish insufficient process or service of process.**

FRSCO moves to dismiss the amended complaint for insufficient process and insufficient service of process, citing FRCP 12(b)(4) and 12(b)(5), respectively.[20]  It argues that Harris only obtained the required summons after its initial motion to dismiss and that he hasn't shown that he met his obligations under FRCP 4 and 5.[21]  Harris retorts that the summons was served before the 90-day deadline set by FRCP 4(m) and that FRSCO is "filing motions hoping nobody will look into [the] facts of the case."[22]

When service is challenged, the plaintiff "bear[s] the burden of establishing that service was valid under Rule 4."[23]  But FRSCO hasn't really challenged the sufficiency of service here.  It merely invokes FRCP 12(b)(5) without explaining why the proof of service filed by Harris is inadequate.[24]  So its challenge is insufficient.

---

[17] *Id.*

[18] *Id.* at 1, 6.

[19] ECF No. 38.

[20] ECF No. 35 at 6–7.

[21] *Id.*

[22] ECF No. 38 at 2.

[23] *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (citing 4A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1083 (3d ed. 2002 & Supp. 2003)).

[24] *See* ECF No. 35 at 6–7.

As for the FRCP 12(b)(4) challenge, FRSCO argues that process was insufficient because it did not "obtain the summons" until after it had raised that issue in its first motion to dismiss. FRSCO points to FRCP 4(b), which provides that a plaintiff can present a summons to the clerk "[o]n *or after* filing the complaint."[25] Here, the summons was filed on August 8, 2024,[26] and in late September Harris filed proof that the summons was successfully served.[27] The plain language of Rule 4(b) allows for the summons to be filed after the complaint, and FRSCO doesn't point to any rules or precedent supporting the proposition that this summons is invalid because it was filed after FRSCO's first motion to dismiss. So I deny FRSCO's motion to dismiss under FRCP 12(b)(4) and 12(b)(5).

**B.   Harris's Title VII claim is barred by administrative-exhaustion requirements but his new Equal Pay Act claim is not.**

FRSCO also moves to dismiss the amended complaint for failure to exhaust administrative remedies, averring that Harris received a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC) only after filing his original complaint.[28] Harris attempts to sidestep this issue by adding a claim under the Equal Pay Act in his amended complaint.[29] He now argues that his suit "is covered by the Equal Pay Act and is not required to be filed with the EEOC."[30]

---

[25] Fed. R. Civ. P. 4(b) (emphasis added).
[26] ECF No. 13.
[27] ECF No. 33.
[28] ECF No. 35 at 8–9.
[29] *See* ECF No. 32 at 2–3.
[30] ECF No. 38 at 1.

5

"No administrative exhaustion is required under the Equal Pay Act."[31]  So whether Harris's Equal Pay Act claim survives the motion to dismiss will not be determined by the timing of his EEOC filing or when he received a right-to-sue letter.  However, to the extent that Harris attempts to bring a Title VII claim in his amended complaint, it is dismissed because he apparently concedes that he failed to properly exhaust his available administrative remedies, and he has made no effort to show otherwise.

**C.     Harris hasn't alleged sufficient facts to support an Equal Pay Act claim.**

FRSCO contends that this court's order granting the motion to dismiss Harris's original complaint didn't authorize Harris to add an Equal Pay Act claim.[32]  And it argues that this new claim should be dismissed under FRCP 12(b)(6) even if the order does allow for such an addition because Harris hasn't pled facts to support it.[33]  Harris's only response is that "[w]omen at [FRSCO] are given unequal pay because they are given career advancement and higher pay; the men are just given the work without being paid for it."[34]  But he states in his amended complaint that "females made the same amount of money" as their male colleagues.[35]

Federal pleading standards require a plaintiff's complaint to include enough factual detail to "state a claim to relief that is plausible on its face."[36]  The plaintiff must make direct or inferential factual allegations about "all the material elements necessary to sustain recovery

---

[31] *Bartelt v. Berlitz Sch. of Languages of Am., Inc.*, 698 F.2d 1003, 1007 (9th Cir. 1983). *See also Washington Cnty. v. Gunther*, 452 U.S. 161, 175 n.14 (1981) ("[T]he Equal Pay Act, unlike Title VII, has no requirement of filing administrative complaints and awaiting administrative conciliation efforts.").

[32] ECF No. 35 at 7–8.

[33] *Id.* at 23–24.

[34] ECF No. 38 at 1.

[35] ECF No. 32 at 2.

[36] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

under *some* viable legal theory," and a complaint that fails to meet this standard must be dismissed.[37]  But the Supreme Court has consistently held that pro se pleadings are "to be liberally construed."[38]  A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[39]

As the Ninth Circuit has articulated, the purpose of the Equal Pay Act is "as simple as it [is] profound: equal pay for equal work."[40]  "To make out a case under the Equal Pay Act, a plaintiff must prove that an employer is paying different wages to employees of the opposite sex for equal work."[41]  The language of the statute focuses on pay "rate" differences between genders, not the numbers of hours or quality of tasks assigned.[42]  And the plaintiff bears the burden of establishing that employees of opposite sexes were paid differently for equal work performed under similar conditions.[43]

Even under the liberal standards applied to pro se complaints, Harris hasn't alleged sufficient facts to establish a prima facie case under the Equal Pay Act.  Indeed, he's pled himself out of such a claim.  The question is not whether FRSCO, "in some abstract sense, can be said to have treated men the same as women," but whether Harris can plausibly allege a

---

[37] *Id.*

[38] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation omitted); *Sause v. Bauer*, 585 U.S. 957, 960 (2018).

[39] *Estelle*, 429 U.S at 106 (cleaned up).

[40] *Rizo v. Yovino*, 950 F.3d 1217, 1219 (9th Cir. 2020).

[41] *Hein v. Or. Coll. of Educ.*, 718 F.2d 910, 913 (9th Cir. 1983).

[42] *See* 29 U.S.C. § 206(d)(1).

[43] *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974).

"specific violation" of the act.[44]  And he hasn't alleged that he received a lower pay rate than his female colleagues for equal work.[45]  In fact, Harris specifically alleges that the women he worked with were "paid the same amount."[46]  So I dismiss Harris's Equal Pay claim under FRCP 12(b)(6) because his allegations don't just fail to support a claim under this theory, they disprove one.

**D.     Leave to amend is denied.**

Although FRCP 15 directs that leave to amend "shall be freely given when justice so requires,"[47] it "is not to be granted automatically."[48]  The Ninth Circuit has a "longstanding rule that leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect,"[49] which it has noted is "particularly important for the pro se litigant."[50]  But, even for pro se plaintiffs, leave to amend is not always appropriate.  The Ninth Circuit has held that when "any amendment would be futile, there [is] no need to prolong the litigation by permitting further amendment."[51]

---

[44] *See id.* at 206.

[45] There's also a real question about whether the equal-pay standard should apply here in the first place.  While "minor differences in responsibility" don't make that standard inapplicable, "it is actual job-performance requirements, rather than job classifications or titles, that is determinative" of whether work is substantially similar and thus subject to the act's requirements. *E.E.O.C. v. Maricopa Cnty. Cmty. Coll. Dist.*, 736 F.2d 510, 513–14 (9th Cir. 1984) (cleaned up).  According to Harris, he performed notably different work than his female colleagues, including cleaning grills and managerial tasks.  ECF No. 32 at 1, 3.  So whether the Equal Pay Act requires equal compensation in this situation is far from certain.

[46] ECF No. 32 at 2.

[47] Fed. R. Civ. P. 15(a).

[48] *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

[49] *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citation omitted).

[50] *Id.* at 1131 (citation omitted).

[51] *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002).

I find that amendment would be futile because Harris's complaint can't be saved by yet another opportunity. He has now twice failed to rebut FRSCO's contention that his Title VII claim is barred because he failed to properly exhaust his available administrative remedies. Harris's attempt to side-step the exhaustion issue with an Equal Pay Act claim fails because the discrimination he alleges simply doesn't violate that act. So I dismiss Harris's amended complaint without leave to amend and close this case.[52]

## Conclusion

IT IS THEREFORE ORDERED that defendant FRSCO Corp.'s motion to dismiss **[ECF No. 35] is GRANTED**. This case is **DISMISSED** without prejudice but also without leave to amend. The Clerk of Court is directed to **enter judgment accordingly and CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
March 28, 2025

---

[52] To the extent that FRSCO also moved for summary judgment, I deny that motion as moot.